## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

BOHEMIAN RÊVES, LLC, a Florida
limited liability company

      Plaintiff,

v.

WICKED APOTHECARY LLC, a Minnesota limited liability company, and MISSY MADE WELL, INC. d/b/a TWISTED WARES, a Texas corporation,

      Defendants.
_____/

**CASE NO. 8:22-cv-00490**

## COMPLAINT

Plaintiff, Bohemian Rêves, LLC ("Bohemian Rêves"), files this lawsuit against Defendants, Wicked Apothecary LLC ("Wicked"), and Missy Made Well, Inc. d/b/a Twisted Wares ("Twisted") and states:

### PARTIES, JURISDICTION & VENUE

1. Bohemian Rêves is a Florida limited liability company having its principal place of business at 1620 Central Avenue, Saint Petersburg, Florida 33712, and is otherwise *sui juris*.

2. Wicked is a Minnesota limited liability company having a principal place of business at 15478 County Road 12 Pengilly, Minnesota 55775, and is otherwise *sui juris*.

3. Twisted is a Texas corporation having a principal place of business at 6401 Eldorado Pkwy, Ste. 110, McKinney, Texas 75070.

4. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1121, and 28 U.S.C. §§ 1331 and 1338(a), because this case arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq*.

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §

1332 as this matter exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. This Court has personal jurisdiction over Wicked because it engages in and directs its infringing conduct to consumers in this District, and engages in substantial commerce in this District.

7. This Court has personal jurisdiction over Twisted because it engages in and directs its infringing conduct to consumers in this District, and engages in substantial commerce in this District.

8. Venue is proper in the Middle District of Florida because a substantial part of the events giving rise to the claims herein occurred in the Middle District of Florida by virtue of Defendants' infringement of Bohemian Rêves' trademark in this District.

9. All conditions precedent have been met, waived, or satisfied to bring this lawsuit.

## FACTUAL BACKGROUND

10. Bohemian Rêves is a retail shop, wholesaler, and manufacturer which produces hand crafted beauty products, such as candles, perfumes, body and essential oils, natural deodorants, and other related scent-based products.

11. One of Bohemian Rêves' most popular candles is branded SALTY BITCH, BYE, as shown below:



12. Bohemian Rêves is the owner of U.S. Trademark Registration No. 6332610 for the mark SALTY BITCH, BYE, for use in connection with "Candles; Candles for night lights; Aromatherapy fragrance candles; Candles and wicks for candles for lighting; Perfumed candles; Scented candles," with a first use date at least as early as March 2018.

13. Bohemian Rêves is the owner of U.S. Trademark Serial No. 97010399 for the mark SALTY BITCH, BYE, for use in connection with "Cologne; Cosmetics; Perfumes; Bath oil; Bath oils for cosmetic purposes; Essential oils; Skin care products, namely, non-medicated skin serum; Sunscreen creams; Sunscreen preparations; Toilet water; Body lotion; Cosmetic soaps; Eau de cologne; Non-medicated soaps; Non-medicated beauty soap; Non-medicated skin serums; Perfumed soaps; Perfumes and colognes."

14. Since at least as early as March 2018, Bohemian Rêves has expended extensive resources marketing the SALTY BITCH, BYE Mark throughout the United States. Indeed, the SALTY BITCH, BYE Mark has been featured in *Vogue* Magazine, and is Bohemian Rêves' bestselling candle. Because of this effort, Bohemian Rêves has diligently developed and

established a reputation throughout the United States under the Mark and has earned considerable goodwill among consumers.

15. Bohemian Rêves sells its products, including candles under the SALTY BITCH BYE Mark, via major third-party retailers such as Urban Outfitters, on its website <bohemianreves.com>, as well as on other sites including but not limited to <faire.com>, and <esty.com>.

16. Indeed, the SALTY BITCH BYE candles are sold in several countries throughout the world, including Canada, Germany, China, Thailand, and Switzerland.

17. In August 2021, Bohemian Rêves discovered that Wicked was selling a candle under a nearly identical mark, SALTY BITCH, on, at least, <shopwickedapothecary.com> and <etsy.com>, and advertising same on, at least, its Facebook page:







18. On August 13, 2021, Bohemian Rêves sent Wicked a letter demanding that it cease

and desist from using the mark SALTY BITCH on its identical candle goods.

19. Having not received a response, in October 2021, counsel for Bohemian Rêves sent another cease and desist demand. Wicked did not respond or otherwise comply with the letter.

20. Even worse, thereafter, Wicked began selling its SALTY BITCH candles on www.faire.com for the first time in direct competition with Bohemian Rêves.

21. Bohemian Rêves also recently learned that Twisted markets and sells a candle under the name SALTY BITCH.



22. In September 2021, Bohemian Rêves submitted a trademark infringement complaint to wholesaler <faire.com> regarding Twisted's sale of infringing SALTY BITCH candles.

23. On September 23, 2021, Twisted CEO Melissa Livingston filed a counter-notice,

alleging: "The party that sent you notice of infringement does not have trademark on the term Salty Bitch. This term is NOT trademarkable. The party only has a trademark on the term Salty Bitch, Bye. Which is NOT what our product has written. Please reinstate this item on our shop TwistedWares.Faire.com."

24. Written on the back of the Twisted candle are the words, "Wicked Apothecary Candle Co. Exclusively for Twisted Wares," which demonstrates the connection between the two Defendants. *See below*:



25. Defendants market and sell their competitive SALTY BITCH candles in the same marketing and trade channels as Bohemian Rêves.

26. Consumer confusion has likely occurred and is likely to continue as a result of the

7

substantially identical mark used by Defendants in connection with identical goods.

27. In late 2021, Bohemian Rêves confirmed that Defendants sell their infringing goods to consumers in this judicial District when it ordered and received the infringing goods.

28. As a direct and proximate result of Defendants' acts complained of herein, Bohemian Rêves has been forced to retain the undersigned law firm, and has agreed to pay said firm a reasonable fee for their services, and to pay all costs associated with the prosecution of this matter.

## **COUNT I – Trademark Infringement (15 U.S.C. § 1114)**

29. Bohemian Rêves realleges and reavers paragraphs 1-28 as if fully set forth herein.

30. Bohemian Rêves is the legal and rightful owner of the SALTY BITCH, BYE Mark.

31. Defendants' use of a virtually identical mark (SALTY BITCH) in connection with the sale of identical goods (candles) is in direct violation of §43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1114, which use is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendants with Bohemian Rêves, and as to the origin, sponsorship, and approval of Defendants' products and commercial activities by Bohemian Rêves.

32. By virtue of Wicked's conscious decision to ignore Bohemian Rêves' cease and desist letters, it is clear Wicked's acts are being performed in willful, deliberate, and intentional disregard of Bohemian Rêves' rights in the SALTY BITCH, BYE Mark.

33. Twisted has also been made aware of Bohemian Rêves' trademark rights via Bohemian Rêves trademark infringement notice to <faire.com>, yet it too has consciously disregarded same by continuing to sell infringing goods.

34. As a direct result of Defendants' actions and the likely confusion, mistake, and/or

deception, Bohemian Rêves has suffered damages in an amount not yet determined.

35.     Given their brazen disregard for Bohemian Rêves' rights, Defendants' conduct in this instance is exceptional, and, as such, Bohemian Rêves should be entitled to recover its attorneys' fees in this action pursuant to 15 U.S.C. § 1117(a) which provides, *in part*, that the "court in exceptional cases may award reasonable attorney fees to the prevailing party."

36.     Moreover, Defendants' refusal to honor Bohemian Rêves' exclusive intellectual property rights has caused, and/or will likely cause, irreparable harm. Each day that Bohemian Rêves is deprived of its earned intellectual property rights causes irreparable injury.

37.     Bohemian Rêves has no adequate remedy at law, especially because the property at issue is a trademark and goodwill that are being damaged.

38.     There is no remedy at law that can fully compensate Bohemian Rêves for the deprivation of said intellectual property rights, and, in light of the facts of this case, there is a substantial likelihood that Bohemian Rêves will succeed on the merits of the instant case.

## **PRAYER FOR RELIEF**

WHEREFORE, Bohemian Rêves prays for judgment in its favor and against Defendants containing the following provisions:

**A.** An injunction enjoining Defendants, and all of those acting in concert with them including, but not limited to, its agents, affiliates, subsidiaries, officers, directors, attorneys and employees (a) from using in any manner the SALTY BITCH, BYE Mark or any similar trademark, trade name, logo, corporate name, service mark, (b) requiring them to immediately remove and destroy any and all products using the mark SALTY BITCH from its websites and any other sites on which the mark appears; (c) requiring them to destroy or remove all labels, stickers, signs, prints, packages, products,

wrappers, receptacles, advertisements, signage, and any written or printed materials, including product labels, in their possession, custody, or control which bear the SALTY BITCH mark; and (d) requiring them to file with the Court, and serve upon Bohemian Rêves' counsel, within thirty (30) days after entry of an order or judgment, a report, in writing, and under oath, setting forth, in detail, the manner and form in which Defendants have complied with the requirements of the injunction and order;

**B.** An award of damages, including enhanced damages, against Defendants in an amount to be proven at trial, including pre- and post-judgment interest;

**C.** An award of costs of suit, including attorneys' and expert fees, expenses and disbursements; and

**D.** Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Bohemian Rêves hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted,

**THE CONCEPT LAW GROUP, P.A.**
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Florida 33309
Tel: 754.300.1500

By: /s/ Adam S. Goldman
Adam S. Goldman, Esq.
Fla. Bar. No. 86761
agoldman@conceptlaw.com
Alexander D. Brown, Esq.
Fla. Bar No. 752665
abrown@conceptlaw.com

*Counsel for Bohemian Rêves*